IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK DAVID NOYES JORDAN,

                Plaintiff,

v.

BROWN COUNTY JAIL,

                Defendant.

OPINION AND ORDER

20-cv-725-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Frank David Noyes Jordan, who is incarcerated at the Brown County jail, filed this proposed civil action under 42 U.S.C. § 1983, contending that correctional officers in the Fox Pod of the jail violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

Having reviewed plaintiff's complaint, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure because plaintiff has not provided sufficient information for this court to determine whether subject matter jurisdiction exists or whether plaintiff would be entitled to any relief. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Plaintiff's complaint is very brief. He alleges that correctional officers working in the Fox Pod at the Brown County jail made him urinate on himself while he was strapped to a chair and forced him to remain sitting in his urine for a few hours, including while he ate his

1

dinner. The officers would not let him shower for two days. Plaintiff seems to allege that this incident occurred on the basketball court on July 14, 2020.

Plaintiff names the jail itself as a defendant, but the jail is just a building and not a person that can be sued for constitutional violations under § 1983. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Most federal constitutional claims under § 1983 must be brought against the individual person who violated the plaintiff's rights. However, plaintiff does not identify the officers who allegedly harmed him. He also fails to provide any details about what happened, when it happened and why it happened.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

I will dismiss plaintiff's complaint without prejudice and give plaintiff the opportunity to file an amended complaint to identify and name as defendants the individual officers involved and better explain his claims against them. In drafting his amended complaint, plaintiff should be sure to state clearly what happened specifically with respect to the incident in question, when it happened and what each individual defendant did, or did not

do, that plaintiff believes violated his constitutional rights. Plaintiff also should make sure that he alleges facts to answer the following questions:

1. Who were the officers involved in the incident and where and when did it occur?

2. Why was plaintiff strapped to a chair?

3. How did the officers "make" plaintiff urinate on himself and how long did they keep plaintiff in the chair?

4. What happened that led to plaintiff's not taking a shower for two days?

Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements. Plaintiff should explain what happened in the complaint itself and not refer to facts contained in documents attached to the complaint. After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If plaintiff files an amended complaint, I will review it under 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that plaintiff Frank Jordan's complaint is DISMISSED without prejudice for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff may have until September 9, 2020 to file an amended complaint as set forth above. If plaintiff does not file an amended complaint by September 9, 2020, I will dismiss this case

with prejudice for his failure to state a claim upon which relief may be granted and will assess a strike against plaintiff under 28 U.S.C. § 1915(g).

 Entered this 18th day of August, 2020.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge